## IN THE COURT OF APPEALS OF IOWA

No. 19-1455
Filed November 27, 2019

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**C.R., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

District Associate Judge.


        A mother appeals the termination of her parental rights.  **AFFIRMED.**


        J. Joseph Narmi, Council Bluffs, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Roberta J. Megel, Council Bluffs, guardian ad litem for minor child.


        Considered by Vaitheswaran, P.J., Doyle, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Senior Judge.**

The mother appeals the termination of her parental rights to J.R., born October 2017. Because the mother has not overcome her years of substance abuse such that she can safely care for J.R., we affirm.[1]

Just four months before J.R. was born, the mother's parental rights were terminated as to another child born, October 2015. The mother was incarcerated at the time and remained incarcerated when J.R. was born, resulting in J.R.—just two days old—being placed with his paternal grandparents. The mother was offered reasonable services, primarily for substance-abuse and mental-health issues. In October 2018, she was released from prison. On January 30, 2019, she showed sufficient progress so as to have J.R. returned to her care. Unfortunately, the mother failed a late February drug test, resulting in her arrest and the second removal of J.R. from her care. She was released from jail on April 4, but she tested positive again on May 8 and was re-arrested in early June. At the time of the termination hearing on July 15, she remained in the custody of the county sheriff while awaiting transfer to a residential correctional facility. Her release date was not available at the time of the hearing.

The district court filed its termination order on August 19, 2019, finding the mother's parental rights should be terminated under Iowa Code section 232.116(1) (e), (g), and (h) (2019). The mother appeals, generally asserting the State failed to prove the statutory grounds by clear and convincing evidence, the State failed

---

[1] The father consented to the termination of his parental rights and does not appeal.

to offer reasonable services,[2] and the best interests of the child and placement with family members should preclude termination. We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

When the district court terminates parental rights on more than one statutory ground, we may affirm the order on any ground finding support in the record. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We turn our attention to Iowa Code section 232.116(1)(h), which provides the court may terminate parental rights if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother took no issue with the first three elements of this section and conceded element (4)—that J.R. could not have been returned to her "at the present time" because she was facing continued incarceration with an undetermined date of release. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010)

---

[2] Although the mother asserts she was not afforded reasonable services, she does not specify what type or level of services were lacking. *See* Iowa R. App. P. 6.903(2)(g)(3); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *see also* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401), 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.").

(interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). While that concession ends our analysis so as to affirm the statutory grounds, we will add more of the mother's history as to why this ground has been met.

The mother's current criminal troubles stem from a December 2, 2014 conviction for neglect or abandonment of a dependent person, in violation of Iowa Code section 726.3 (2018). Since then, she has been either incarcerated or on probation with numerous probation violations. As early as December 31, 2014, she tested positive for methamphetamine. She failed or refused to comply with more drug testing in early 2015, prompting the removal of her two oldest children, born 2005 and 2009. By late 2015, the children were returned to her care. A third child was born in October 2015. After "dodging" drug screens for several months, the mother finally submitted to another screen in October 2016, which was positive for methamphetamine. The State then removed all three children from her care, placing the two oldest children with their respective fathers. By June 2017, after more failed drug testing, the mother's parental rights to the third child were terminated. Which brings us to J.R.'s birth in October 2017, with the mother still incarcerated for ongoing probation violations. While these events alone do not form the basis for the termination of her parental rights to J.R., they are instructive as to her long history of drug use and pattern of behavior. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting a parent's past conduct is instructive in determining the parent's future behavior). The mother has not been able to put the needs of J.R. ahead of her own addiction. We agree with the district court's conclusion the mother "has continued to make poor decisions which jeopardize

her liberty and her relationship with" J.R. We affirm the termination under Iowa Code section 232.116(1)(h).

The district court also found termination is in J.R.'s best interests because it will afford him permanency and stability. *See* Iowa Code § 232.116(2) (requiring the court to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child"). We agree. He has been out of the home nearly his entire life, and termination of the mother's parental rights is in his best interests. *See In re J.E.,* 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (stating that a child's safety and the child's need for a permanent home are the "defining elements" in a child's best interests).

Finally, the mother asserts termination is not necessary because J.R. was placed with his paternal grandparents. *See* Iowa Code § 232.116(3)(a). However section 232.116(3)(a) allows the court to avoid termination when a "relative has legal custody of the child," not simply "placement" under Iowa Department of Human Services supervision, as is the case here. *See In re A.M.,* 843 N.W.2d 100, 113 (Iowa 2014). The district court found no impediment to termination and noted J.R. was bonded with his grandparents, who had cared for him "the vast majority of his life." Agreeing with the district court, we affirm.

**AFFIRMED.**